■ Goldman and Walter Advertising Agency, Inc., Appellant, v. Herman S. Davidoff, Individually and Doing Business as Capitol Beverage Co., Defendant, and Liebmann Breweries, Inc., Respondents.— Appeal from an order of the Supreme Court which ordered an examination before trial of the plaintiff in Albany County and of the defendant Liebmann Breweries, Inc., in Kings County. The action was brought in Albany County where the plaintiff

has its principal place of business and is at issue there between the plaintiff and Liebmann Breweries, Inc., the only answering defendant, whose office and principal place of business is in Kings County. This defendant served a notice of examination before trial of the plaintiff in Albany County. Plaintiff served a cross notice for examination before trial of the defendant in Albany County, pursuant to rule 121-a of the Rules of Civil Practice. Neither examination was held pursuant to these notices. Plaintiff then made a motion to direct the defendant to appear for examination, and the defendant made a cross motion for an order directing plaintiff to appear and be examined. The order appealed from resulted from this motion and cross motion. Plaintiff complains that the examination of the defendant should be in Albany County instead of in Kings County. It seems beyond question that section 300 of the Civil Practice Act authorizes, if indeed it does not mandate, the court to fix the place of examination of each party as the order provides. We are unable to agree with plaintiff's contention that section 300 applies only to witnesses as distinguished from parties. One portion of the section refers especially to a party, and the words " person to be examined " are all inclusive. Under the circumstances present here section 300 directs that the person to be examined shall not be required to attend in any county other than where he has an office for the regular transaction of business in person. A rule of civil practice may not supersede, or in effect repeal, section 300 of the Civil Practice Act when the matter comes on before a court on motion. Moreover, once the matter came before the court on motion, if the court was not required by section 300 to fix the place of examination of the defendant in Kings County, it had discretionary power to do so. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.